UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARCUS PATTERSON | CIVIL ACTION NO. 21-cv-1305 |
| VERSUS | JUDGE FOOTE |
| CORVEL CORP, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Marcus Patterson filed this civil action in state court against Corvel Corporation and Boise Cascade Company. Boise removed the case based on an assertion of diversity jurisdiction, which puts the burden on Boise to allege specific facts that show there is complete diversity of citizenship and an amount in controversy that exceeds $75,000.

Plaintiff alleged in his state court petition that he sustained severe injuries, including injuries to his lower back and knees, and that he has had to seek extensive medical attention and suffered lost wages and lost earning capacity. Plaintiff alleged in his state court petition that the damages he seeks exceed the federal court diversity threshold. Boise points to these allegations, which satisfy its burden with respect to the amount in controversy.

Plaintiff's state court petition alleged that he is a resident of Beauregard Parish, Louisiana, and the notice of removal makes a similar assertion. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person may reside

in multiple states simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003). The court will assume that Plaintiff is also a domiciliary/citizen of Louisiana. If Plaintiff contests that fact, he must file a written response to this order within 14 days and declare the state other than Louisiana in which he contends he is domiciled.

Boise alleges that it is a corporation organized under Delaware law with its "principal office" in Idaho. It alleges that Corvel is a corporation organized under Delaware law with its "principal office" in California. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982).

Boise alleges that each of the corporate defendants has its "principal office" in a particular state, but it does not specifically allege where each has its principal place of business, which is the requirement of the statute. A corporation's principal place of business is where its high-level officers direct, control, and coordinate the corporation's

activities. This place is sometimes described as the "nerve center" of the corporation. <u>Hertz Corp. v. Friend</u>, 130 S.Ct. 1181 (2010). The court will assume that Boise has its principal place of business in Idaho and that Corvel has its principal place of business in California unless a party files a written response to this order within 14 days that contends either corporation has its principal place of business in another state based on the <u>Hertz</u> test.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of May, 2021.

Mark L. Hornsby
U.S. Magistrate Judge