UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARCUS PATTERSON                         CIVIL ACTION NO. 21-cv-1305

VERSUS                                   JUDGE ELIZABETH E. FOOTE

CORVEL CORP ET AL                        MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Marcus Patterson ("Plaintiff"), a truck driver, alleges that he was injured when making a delivery to Boise Cascade. He filed a tort suit in state court against Boise and its alleged insurer. The defendants removed the case based on diversity jurisdiction.

The workers' compensation insurer for Plaintiff's employer has filed a Motion for Leave to File Complaint of Intervention (Doc. 10) that is now before the court. There is no basis for jurisdiction over the intervention because the amount of the intervenor's claim does not exceed $75,000. For the reasons that follow, the proposed intervention should be denied, and the case should be remanded to state court where the workers' compensation insurer may be joined to protect its interest in the litigation.

### Relevant Facts

Plaintiff was working in the course and scope of his employment as a truck driver for Ricky Hall Trucking when he made a delivery to the Boise Cascade Plant in Florien, Louisiana. Petition, ¶ 2. While Plaintiff was at the plant, a Boise Cascade employee who was operating a front end loader drove into Plaintiff and injured his back and left knee. ¶ ¶

3-4. Plaintiff alleges that he sustained severe injuries to his back and knees. He prays for damages including past and future lost wages, medical expenses, and pain and suffering. ¶ 8. He specifically alleges that his damages exceed the amount necessary for federal court diversity jurisdiction. ¶ 9. Plaintiff also named Corvel Corporation as a defendant. The petition does not allege anything about Corvel other than it is an insurance company, presumably for Boise.

Boise, with the consent of Corvel, removed the case based on diversity jurisdiction. The pleadings indicate that Plaintiff is a citizen of Louisiana, Boise is a citizen of Delaware and Idaho, and Corvel is a citizen of Delaware and California. Doc. 6. Given the complete diversity of citizenship and an amount in controversy that exceeds $75,000, the court has subject matter jurisdiction over Plaintiff's civil action.

Silver Oak Casualty, Inc. alleges that it issued a policy of workers' compensation insurance to Ricky Hall Trucking and that it "may be required to pay workers' compensation and/or medical benefits to or on behalf of" Plaintiff for the injuries alleged by Plaintiff. Silver Oak filed a motion for leave to intervene to assert its statutory lien under Louisiana workers' compensation law against any award made to Plaintiff. Silver Oak does not allege that it has actually paid any benefits to Plaintiff at this time, but it asserts entitlement to a credit against future liability for benefits that it might have to pay.

**Lack of Jurisdiction over Proposed Intervention**

Under Louisiana law, workers' compensation is ordinarily the exclusive remedy to an employee for work-related injuries and illnesses. La. R.S. 23:1032. But if the injury is caused by a third-party tortfeasor, the injured employee may sue that third party for

damages, even though the employee has been awarded or may be receiving workers' compensation from his employer for the same injury. La. R.S. 23:1101(A); Senac v. Sandefer, 418 So.2d 543, 545 (La. 1982).

Any person having paid or having become obligated to pay workers' compensation benefits may also sue the third-party tortfeasor to recover the benefits they paid because of the injury. La. R.S. 23:1101(B); Elliot v. Glass, 615 So.2d 1354, 1356 (La. App. 2d Cir. 1993). If the employer (or its insurer) or employee becomes a party plaintiff, by original suit or intervention, and damages are recovered from the third-party tortfeasor, the damages shall be apportioned so that the reimbursement claim of the employer/insurer shall take precedence over the damages claim of the employee. La. R.S. 23:1103(A)(1). Johnson, Workers' Compensation Law and Practice (4th Ed.) at § 373.

When the employee or the employer/insurer sues the tortfeasor, the filer of the suit must notify the other, who may intervene as a party plaintiff in the lawsuit. La. R.S. 23:1102(A). Despite the statute saying that the employer may intervene, Louisiana jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third-party tortfeasor. Houston General Ins. Co. v. Commercial Union, 649 So.2d 776, 782 (La. App. 1 Cir. 1994); Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396, 400 (La. 1980).

The undersigned has held that a workers' compensation insurer is an intervenor of right under Fed. R. Civ. Pro. 24 in such circumstances, the intervenor should be treated as an intervenor-plaintiff because its interests are aligned with the plaintiff, and the complaint in intervention must establish a basis for subject matter jurisdiction. Dushane v. Gallagher

Case 5:21-cv-01305-EEF-MLH Document 17 Filed 08/12/21 Page 4 of 11 PageID #: 65

Kaiser Corp, 2005 WL 1959151 (W.D. La. 2005). Other judges have taken a similar approach. See, e.g., Johnson v. Agility Fuel Sys., Inc., 2021 WL 2654764 (M.D. La. 2021) (Bourgeois, M.J.); Combs v. Southland Process Grp. L.L.C., 2017 WL 3405321 (W.D. La. 2017) (Hayes, M.J.); Grizer v. CF Indus., Inc., 2017 WL 2608860 (M.D. La. 2017) (Wilder-Doomes, M.J.); and Youngblood v. Rain CII Carbon LLC, 2014 WL 2547588 (W.D. La. 2014) (Kay, M.J.).

Boise argues that the court cannot exercise jurisdiction over the proposed intervention because the required amount in controversy is lacking. Silver Oak's complaint in intervention does not include a short and plain statement of the grounds for the court's jurisdiction, as required by Fed. R. Civ. Pro. 8(a)(1). Such intervenors commonly rely on 28 U.S.C. § 1367(a), which grants the district courts supplemental jurisdiction over claims that are so related to claims in the main action that they form part of the same case or controversy. The statute specifically states that such supplemental jurisdiction "shall include claims that involve the joinder or intervention of additional parties." But Section 1367(b) states that in any case in which the court has original jurisdiction founded solely on diversity jurisdiction, the court shall not have supplemental jurisdiction over claims by persons seeking to intervene as plaintiffs under Rule 24 "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."

The Fifth Circuit interpreted and applied that portion of Section 1367(b) in Griffin v. Lee, 621 F.3d 380 (5th Cir. 2010). The Court held that when a party attempts to intervene in a diversity case, the court does not have supplemental jurisdiction over the

proposed intervention unless (1) there is diversity of citizenship between the intervenor and the defendants and (2) the amount in controversy with respect to the intervention exceeds $75,000. In Griffin, an attorney for the plaintiff in an existing case attempted to intervene to collect attorney's fees of less than $55,000. The attorney and some of the defendants in the underlying case were citizens of Louisiana. The Fifth Circuit held that the district court lacked supplemental jurisdiction over the intervention. "In this case, the lack of complete diversity and the presence of an amount in controversy less than $75,000.00 are both inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332." Griffin, 621 F.3d at 387. See also Samuels v. Twin City, 602 Fed. Appx. 209 (5th Cir. 2015) (affirming dismissal for lack of jurisdiction when proposed intervenor did not meet the jurisdictional amount requirement).

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). Silver Oak, who bears that burden here, alleges that it is a corporation incorporated in Nebraska with its principal place of business in Louisiana. It is, therefore, diverse in citizenship from the defendants who are citizens of Delaware, Idaho, and California. But Silver Oak's proposed complaint-in-intervention does not include any allegation of the amount in controversy. The complaint does not allege that Silver Oak has paid a penny in workers' compensation benefits. It prays only for a credit against possible future liability for benefits, with no hint as to the amount of any such future benefits. Boise made a direct challenge to the amount in controversy element, but Silver Oak's reply memorandum does not include any additional facts regarding the amount at issue or make

any argument that it has somehow shouldered its burden. The undersigned agrees with Boise that the court should deny Silver Oak's proposed intervention because Silver Oak has not met its burden with respect to the amount in controversy requirement.

**Rule 19 Requires Joinder**

Federal Rule of Civil Procedure 19(a)(1) provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if … (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest." Silver Oak contends that Rule 19(a) makes it a party who must be joined. The undersigned addressed a similar situation in Dushane and determined that a workers' compensation payor claims an interest relating to the subject matter of the action and is so situated that disposition of the case would impair or impede its ability to protect its interest, making it a party who should be joined under Rule 19(a).

Because Silver Oak should be joined under Rule 19(a) but cannot be joined due to the jurisdictional limitation imposed in Section 1367(b), Rule 19(b) requires the court to determine "whether in equity and good conscience" the lawsuit can go forward without Silver Oak. The undersigned found in Dushane that the case could not go forward in the workers' compensation payor's absence, and the same is true here. If not allowed to intervene, Silver Oak would lose its right to reimbursement for potential payments, and the court is unable to lessen or avoid that prejudice through protective measures in the judgment. The plaintiff will have an adequate remedy because the case can be decided in

state court with all necessary parties present. Dushane, 2005 WL 1959151, *7. Other judges in this district have reached the same conclusion with respect to Rule 19 and workers' compensation intervenors. See, e.g., Combs v. Southland Process Group, LLC, 2017 WL 3405321 (W.D. La. 2017) (Hayes, M.J.) and Delarosa v. Packaging Corporation of America, Inc., 2019 WL 6173167 (W.D. La. 2019) (Kay, M.J.).

**Dismiss or Remand**

The next issue is whether the court must dismiss the case or may remand it to state court. Rule 19(b) states that when a person who is required to be joined cannot be joined, then the court must determine whether the action should proceed among the existing parties "or should be dismissed." Some judges who have faced similar workers' compensation intervenor scenarios have relied on 28 U.S.C. § 1447(e) to remand instead of dismiss. That statute provides that when, after removal, the plaintiff seeks to join a defendant whose joinder would destroy subject matter jurisdiction, the court may permit joinder and remand the action to state court. 28 U.S.C. § 1447(e). That is not the situation here. It is not the plaintiff who seeks to join a defendant who would destroy jurisdiction. It is an intervenor who seeks to join the action, and the intervention would not destroy subject matter jurisdiction; the court simply lacks jurisdiction over the proposed intervention due to an insufficient showing on the amount in controversy. Section 1447(e) is, therefore, inapplicable in this case.

Another provision of the statute provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). That provision is also inapplicable. The court has a basis for

jurisdiction over Plaintiff's complaint, and that jurisdiction would not be destroyed even if intervention were allowed. The court merely lacks jurisdiction over the proposed complaint in intervention.

Rule 19(b) states that the court must decide whether the case should proceed without the required party or "be dismissed." Some judges view that language to allow the federal court to remedy a Rule 19 problem by dismissing the case but not by remanding to state court. See Brown v. Sullair, LLC, 2015 WL 9261354 (W.D. La. 2015) (Kay, M.J.); Grizer v. CF Indus., Inc., 2017 WL 2608860, n. 25 (M.D. La. 2017) (Wilder-Doomes, M.J.). One might think there is not much difference between dismissal and remand in this situation, but there is. This case was removed from state court, and dismissal would require Plaintiff to commence a new suit in state court by filing what would likely be a substantially identical second petition. That would be a waste of resources. But more important, dismissal could put Plaintiff at risk of a prescription/limitations defense.

Louisiana law provides that filing suit in a court of competent jurisdiction and venue interrupts prescription, and the interruption continues as long as the suit is pending (unless the plaintiff abandons or voluntarily dismisses the action). La. Civ. Code. arts. 3462 & 3463. But federal law is different. "While the filing of an action normally tolls the statute of limitations, its dismissal without prejudice leaves the plaintiff in the same position as if the action had never been filed." Williams v. Cook, 264 F.3d 1142 (5th Cir. 2001) (unpublished), citing Lambert v. United States, 44 F.3d 296 (5th Cir. 1995). That federal rule was recently applied to a second state-law tort suit filed in federal court to find that it was untimely. Cox v. Steak N Shake, Inc., 2020 WL 3100204 (S.D. Tex. 2020). The

undersigned make no prediction as to how the rules might apply if this case, filed in state court but removed to federal court, were dismissed without prejudice under Rule 19. It suffices to say that there could be an issue regarding timeliness.

Plaintiff alleges that he was hurt on April 22, 2020. A Louisiana tort claim has a one-year prescriptive period. Plaintiff's state court petition was stamped filed on Monday, April 26, 2021. It is not known whether legal holidays or other issues affected the period, but it appears that Plaintiff was near the end of the period when he filed his suit. It is now August 2021, so any new suit filed after a Rule 19 dismissal would be outside the one-year prescriptive period. A Rule 19 dismissal without prejudice of this removed case could leave Plaintiff facing a prescription defense. That is worth avoiding if possible, and a remand to state court will do so.

The plaintiff did not remove this case, and he did not file the intervention. He should not, as a result of those actions that were beyond his control, face the risk of a prescription defense to his tort claim that would be created by a Rule 19 dismissal. Another downside of dismissal is that the new/second suit could be removed, bringing the case back to this same spot a few weeks later. A remand, on the other hand, would prevent the waste of time and resources associated with filing a new suit, avoid any limitations issues, and eliminate the risk of an endless loop of dismissals, news suits, and removals.

Federal Rule of Civil Procedure 1 states that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." "There probably is no provision in the federal rules that is more important than this mandate." Trevino v.

Celanese Corp., 701 F.2d 397, 405 (5th Cir. 1983), quoting 4 C. Wright and A. Miller, Federal Practice and Procedure § 1029 (1969). "The primary purpose of procedural rules is to promote the ends of justice." Id. In that spirit, the rules "are to be accorded a broad and liberal treatment." Hickman v. Taylor, 67 S.Ct. 385, 391 (1947).

The undersigned is of the view that Rule 1 allows the court discretion in these circumstances to remedy the inability to join a Rule 19 indispensable party by remanding rather than dismissing this civil action. No purpose is served by dismissal that a remand could not serve equally well or better, and there are ample downsides to dismissal, including the potential of burdening the plaintiff with a limitations issue through no fault of his own. Rule 19 should be interpreted and applied in a manner that is just to all parties and fairly resolves the absence of a party over which the court lacks jurisdiction. Granting a remand to state court will achieve that goal, but dismissal will not.

Accordingly,

It is recommended that Silver Oak Casualty, Inc.'s Motion for Leave to File Complaint of Intervention (Doc. 10) be denied. It is further recommended that, pursuant to Fed. R. Civ. Pro. 19, this case be remanded to state court where Silver Oak may join the case as an intervenor and protect its interest.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of August, 2021.

Mark L. Hornsby
U.S. Magistrate Judge